IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AKIYA FINLEY, | ) | Case No.: 1:24-cv-03083 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| HULU, SHONDA RHIMES, RAAMLA, | ) | |
| MOHAMED, KERRY WASHINGTON | ) | |
| and GREG ZEKOWSKI, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HULU, LLC, RAAMLA MOHAMED, AND GREG ZEKOWSKI'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT</u>**

DENTONS US LLP
Natalie J. Spears (#6230320)
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Tel.: (312) 876-8000
natalie.spears@dentons.com

Sara Gates (#5591805)
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 398-5232
sara.gates@dentons.com

*Attorneys for Defendants Hulu, LLC,
Raamla Mohamed, and Greg
Zekowski*

Defendants Hulu, LLC ("Hulu"), Raamla Mohamed ("Mohamed"), and Greg Zekowski ("Zekowski," and, together with Hulu and Mohamed, the "Moving Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), move this Court to dismiss *pro se* Plaintiff Akiya Finley's ("Plaintiff" or "Finley") complaint in its entirety with prejudice.[1] *See* ECF No. 1 ("Complaint" or "Cmpl.").

## PRELIMINARY STATEMENT

The Complaint filed by Plaintiff fails to state any claim and should be dismissed in its entirety. Plaintiff appears to allege that the Hulu series *Reasonable Doubt* infringes her copyright. Yet the Complaint does not identify any copyright registration with the U.S. Copyright Office, fails to identify the alleged copyrighted work at issue beyond a "script," and fails to allege how any Defendants infringed upon her work. These bare-bones allegations do not state a plausible claim for copyright infringement. Additionally, though the Complaint mentions violation of trademark, Plaintiff likewise does not allege ownership of a valid trademark or any factual allegations to support a trademark claim under the Lanham Act or common law. Lacking these essential elements of either a copyright or trademark claim, the Complaint must be dismissed. In addition, given the nature of the allegations and Plaintiff's history of filing frivolous copyright complaints, the dismissal should be with prejudice.

## FACTUAL BACKGROUND

Plaintiff commenced this case by filing the Complaint on April 17, 2024. *See* ECF No. 1. On August 9, 2024, the Court granted Plaintiff leave to proceed in forma pauperis. *See* ECF No. 10. The Court appointed an attorney to represent Plaintiff, *see* ECF No. 11, but later permitted that attorney to withdraw following an oral request by same during a status hearing for reasons

---

[1] "Hulu" and "Grey Zeowski" are identified as defendants on the Court's docket, but the correct party names are Hulu, LLC and Greg Zekowski.

1

stated on the record. *See* ECF No. 13. The Court appointed the U.S. Marshal to serve Defendants in this action. *See* ECF No. 16. As of the date of this filing, only the three Moving Defendants have been served. *See* ECF Nos. 21–23. Defendants Shonda Rhimes ("Rhimes") and Kerry Washington ("Washington") have not yet been served. *See generally* Docket; ECF No. 20.[2]

The Complaint names five defendants, Hulu, Rhimes, Mohamed, Washington, and Zekowski, and appears to identify "copyright infringement" and "violation of trademark" as the claims at issue. Cmpl. §§ 10, 12. In support of these claims, the Complaint states very few allegations, most of which are generic and vague. *See generally id.* §§ 8, 10, 12. Plaintiff alleges that she "pitched to Shonda Rhimes through her Shondaland program and gave her my script." *Id.* § 10. Plaintiff alleges that "Shonda Rhimes gave my script to her coworker and several others." *Id.* Plaintiff alleges that she was "not given imdb [sic] credit or compensated For [sic] the illegal selling of a tv script by Shonda Rhimes." *Id.* § 8. Plaintiff alleges that she has two copyrights—one with "wga" and one with "library of congress"—and alleges that her "copyright number is public records and dates 1-10-2020." *Id.* §§ 8, 10. Though the Complaint attaches a Document of Registration from the Writers Guild of America, West, Inc. ("WGA West") for "The lawyer hitwoman pitch deck," effective November 18, 2022, the Complaint does not provide a reference for or attach a copyright registration with the U.S. Copyright Office. *See generally* Cmpl.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] Though Rhimes and Washington have not been served, this motion applies with equal force to those defendants since the motion seeks dismissal of Plaintiff's Complaint in its entirety for failure to state a claim.

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Padilla v. Costco Wholesale Corp.*, No. 11-cv-7686, 2012 WL 2397012, *2 (N.D. Ill. June 21, 2012) (quoting *Ashcroft*, 556 U.S. at 662). "[T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "[S]ome factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## ARGUMENT

### I. PLAINTIFF FAILED TO PLEAD A COPYRIGHT INFRINGEMENT CLAIM

Even taking Plaintiffs' *pro se* status into account, Plaintiff's Complaint raises only "sketchy" allegations that fail to provide the necessary notice or state a plausible claim. *Brooks*, 578 F.3d at 581. In order to state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Plaintiff fails to plausibly allege either element.

#### A. Plaintiff Fails to Allege Registration of a Copyright as Required by the Copyright Act to Maintain Suit

Copyright registration is a prerequisite to bringing a claim for infringement under the Copyright Act. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301, 309 (2019). Plaintiff's Complaint fails on this threshold issue as it does

not allege that Plaintiff owns a valid copyright registration for the alleged "script" at issue. The allegations of the Complaint are vague. Though the Complaint mentions "copyright" several times, including a copyright with the "library of congress," it does not provide sufficient information to identify a corresponding copyright registration. *See* Cmpl. §§ 8, 10. Nor does the Complaint allege that Plaintiff has complied with the registration provisions of the Copyright Act. *See id.*[3] Plaintiff's "Document of Registration," from WGA West for a "pitch deck"—obtained *after Reasonable Doubt* premiered in September 2022—plainly does not satisfy the statutory prerequisite. Plaintiff's allegations are therefore insufficient to demonstrate that she has a valid copyright registration. *See, e.g.*, *Burns v. Rockwood Distrib. Co.*, 481 F. Supp. 841, 846 n.3 (N.D. Ill. 1979) ("The complaint in the present case does not include a copy of the registration certificate, nor has compliance with the registration provisions of the Copyright Act otherwise been indicated. Said complaint, therefore, is defective and must be dismissed."); *accord Muhammad v. Home Box Off., Inc.*, No. 21-1168, 2021 WL 3354829, at *2 (C.D. Ill. Aug. 2, 2021) (dismissing *pro se* complaint for copyright infringement where it did not "sufficiently allege registration of any copyright").

### B. The Complaint Fails to Plausibly Allege Copying of the Constituent Elements of the Work That Are Original

Plaintiff also does not allege that the Moving Defendants—or any of the Defendants for that matter—copied constituent elements of her alleged work that are original. For this element, absent direct evidence of copying, a plaintiff must show "that the defendants had the opportunity to copy" the plaintiff's alleged copyrighted work and that the "two works are 'substantially similar,' thereby supporting an inference that the defendants actually did copy" the plaintiff's

---

[3] The Complaint does not meet either the exception under Section 106A(a), which relates to works of visual art, or the exception under Section 411(c) for live broadcasts. Nor is there any allegation that Plaintiff applied for preregistration under Section 408(f).

work. *Hobbs v. John*, 722 F.3d 1089, 1094 (7th Cir. 2013), *modified on other grounds by Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755 (7th Cir. 2016). When determining substantial similarity, the key question is whether "the two works share enough unique features to give rise to a breach of the duty not to copy another's work." *Peters*, 692 F.3d at 633–34. As part of this analysis "courts must filter out unprotectable elements of the original, then compare the works side by side to determine whether they are substantially similar, and thus whether the latter plausibly infringes the former." *Robinson v. Nayvadius Wilburn, LLC*, No. 21-CV-03585, 2023 WL 5509324, at *3 (N.D. Ill. Aug. 25, 2023).

Here, Plaintiff fails to even provide notice of the work that was allegedly infringed beyond a "tv script" or "script." Cmpl. §§ 8, 10; *see Burns*, 481 F. Supp. at 846 n.3 ("The complaint also should have included a description of the allegedly copyrighted art works so that the defendant would have notice of the specific works in question."). Plaintiff fails to allege the name of the script, what it is about, or which elements of the script, if any, are original. *See* Cmpl. §§ 8, 10. Indeed, Plaintiff does not allege anything about the *Reasonable Doubt* series to support a plausible claim for copyright infringement. *See id.*; *Norman v. B.E.T. Television*, No. 2:16-CV-113 RLM-PRC, 2016 WL 7048894, at *2 (N.D. Ind. Dec. 5, 2016) (dismissing *pro se* complaint for copyright infringement based on the plaintiff's failure to plausibly allege that defendant copied original elements of the work), 696 F. App'x 754 (7th Cir. 2017); *see also Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-CV-595 JD, 2017 WL 3608219, at *5 (N.D. Ind. Aug. 22, 2017) (dismissing complaint that did not contain "any description of how Defendants' work infringes on its own"). Accordingly, the Court should dismiss Plaintiff's copyright infringement claim.

## II. PLAINTIFF FAILED TO PLEAD A TRADEMARK CLAIM

Beyond mention of "violation of trademark," the Complaint does not plead any factual matter to state a plausible claim for trademark infringement. *See Hart v. Amazon.com, Inc.*, 191

F. Supp. 3d 809, 817 (N.D. Ill. 2016) (stating that state a claim under the Lanham Act, or a common law trademark or unfair competition claim, "a plaintiff must establish that (1) its mark is protectable and (2) the defendant's use of the mark is likely to cause confusion among consumers" (quoting *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673–74 (7th Cir. 2001))), *aff'd*, 845 F.3d 802 (7th Cir. 2017). Accordingly, the Court should dismiss Plaintiff's trademark claim.

### III. THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE

This Court should dismiss Plaintiff's Complaint in its entirety with prejudice. This is not the first copyright complaint that Plaintiff has filed in this District. Previously, Plaintiff filed a complaint against "Create a Space," "Kindle Direct Pub," and "Rob Greyer Law Firm," alleging that the defendants sold millions of books for which she did not receive royalties. *See Complaint*, *Finely v. Create a Space*, No. 1:19-cv-06623 (Oct. 4, 2019), ECF No. 1; *see also* Amended Complaint, *Finely v. Create a Space*, No. 1:19-cv-06623 (Dec. 2, 2019), ECF No. 10. Judge Robert Blakey, *sua sponte*, held that neither of Plaintiff's complaints passed muster. *See* Minute Entry, *Finely v. Create a Space*, No. 1:19-cv-06623 (Mar. 2, 2020), ECF No. 13. For her first complaint, the Court held that "Plaintiff has not alleged that she holds any copyright and has failed to provide any details concerning the account, her alleged royalties, or the alleged theft. She has not, in other words, provided enough details to present a story that holds together." *Id.* The Court likewise concluded that the amended complaint fared no better, even though Plaintiff alleged that her "book is copywritten with library of congress" since Plaintiff "does not allege that she holds any copyrights" and "she alleges no facts to support any of [her] allegations." Amended Complaint, *Finely v. Create a Space*, No. 1:19-cv-06623 (Dec. 2, 2019), ECF No. 10; Minute Entry, *Finely v. Create a Space*, No. 1:19-cv-06623 (Mar. 2, 2020), ECF No. 13.

Judge Robert M. Dow, Jr. raised similar concerns after Plaintiff filed another copyright complaint against Barnes & Noble, wherein she alleged that her "book is copywritten with the

library of congress" and she did not receive royalties in violation of copyright law. Complaint, *Finley v. Barnes & Noble*, No. 1:21-cv-01743 (Mar. 31, 2021), ECF No. 1; Minute Entry, *Finley v. Barnes & Noble*, No. 1:21-cv-01743 (April 27, 2021), ECF No. 18. The Court ultimately dismissed the case, entering judgment against Plaintiff for failure to comply with Court orders and want of prosecution. Judgment, *Finley v. Barnes & Noble*, No. 1:21-cv-01743 (April 27, 2021), ECF No. 25.

Plaintiff is well aware of the pleading standard to state a plausible claim for copyright infringement, as she has been advised of the standard at least two times in the past few years. Nonetheless, Plaintiff persisted in filing a Complaint against Defendants that, on its face, is deficient. Plaintiff should not be permitted to take yet another bite at the apple. Plaintiff's claims should be dismissed with prejudice. *See, e.g.*, *Hijrahannah v. Def Jam Recordings*, No. 14 C 0872, 2014 WL 3586055, at *2 (N.D. Ill. July 21, 2014) (dismissing *pro se* copyright complaint with prejudice where the plaintiff did not have ownership of any valid copyrights), *aff'd sub nom. Hijrahannah v. UMG Recordings, Inc.*, 588 F. App'x 507 (7th Cir. 2015).

## CONCLUSION

Accordingly, for the reasons stated above, the Moving Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

Dated: January 8, 2025

DENTONS US LLP

By: /s/ Natalie J. Spears
Natalie J. Spears (#6230320)
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Tel.: (312) 876-8000
natalie.spears@dentons.com

Sara Gates (#5591805)
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 398-5232
sara.gates@dentons.com

*Attorneys for Defendants Hulu, LLC, Raamla Mohamed, and Greg Zekowski*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served by United States First Class Mail on all counsel or parties of record on the service list below:

**SERVICE LIST:**

Plaintiff Akiya Finley
840 W. Sunnyside Ave. Apt. 19d
Chicago, IL 60640

                                                  /s/ Natalie J. Spears