[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

Plaintiff

v. Finley

Defendant Hulu et al

Case Number: 24-cv-03083

Judge:

Magistrate Judge:

FILED
JAN 13 2025 BT
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

response to judge based off paperwork defendants sent me see attached please

Ariya Finley 1-13-24

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Defendants Hulu, LLC, Raamla Mohamed (Mohamed"), and Greg Zekowski, Shonda Rhimes, and Kerry Washington pursuant to the federal rule of civil court, the unauthorized reproduction, distribution or distribution of this copy-written work is illegal. Criminal copyright infringement including infringement without monetary gain is investigated by the fbi and is punishable up to five years in federal court. This is also criminal copyright civil which under (1847). Copyright law states that it is punishable up to five years in prison for first offense and up to 10 years in prison for a second subsequent offense of circumventing access controls. Document from U.S. department of justice is attached regarding the copyright laws that defendants violated which is criminal also. (1)

The author had a valid copyright; (2) the defendant used, copied, or distributed the material without the author's permission; (3) it was done on purpose; and (4) it was done for personal financial gain or business advantage.(1) the author had a valid copyright; (2) the defendant used, copied, or distributed the material without the author's permission; (3) it was done on purpose; and (4) it was done for personal financial gain or business advantage.

## PRELIMINARY STATEMENT

The complaint filed by by plaintiff (Akiya Finley) shows two copyrights wga and copyright with the library of Congress forms are attached and is public records. The copyright registration number is submitted by Plaintiff as part of evidence of this case. Yet the defendants have not showed a copyright since the case has started.I attached copyright so the case must not be dismissed based on a typed letter that the lawyers that got paid to tell false information for defendants. In this past I have filed copyright infringement but it was actually that, I have a settlement from Barnes and noble and couldn't answer the phone because I had a stroke. I can show copyright and state copyright numbers on this form for that as well. That copyright number to the case that was mentioned was the year 2015 TXu001998535 which is

with the library of Congress.On the other hand that has nothing to do with what

the
defendants did on this case. Let's stick to this case and not nothing in the past that has nothing to do with what the defendants did illegally which is unconstitutional.

### FACTUAL BACKGROUND

Since only three of the defendants have only been served and not Kerry Washington and Shonda Rhimes, I need more than half the compensation they have made off this show. Copyright infringement by the defendants violating 1976 act of copyright. The copyright number with the Library of Congress was the year 2020 Txu002179978 copy written number attached.

### LEGAL STANDARD

All my information I submitted before they came to court was factual and not a coincidence. The factual allegations contain emails, copyright, that would be provided to the judge, and it's no sketchy. What is sketchy is defendants claiming something is sketchy or implausible without showing no copyright to the judge because a LLC or coloration is backing the defendants up. How can a company have a tv show on their network with no copyright that is illegal. Judge Andrea R Wood saw my copyrights and all the evidence I provided. Courts are in general agreement that a willful act must be "an act intentionally done in violation of the law." *United States v. Wise*, 550 F.2d 1180, 1194 (9th Cir.), *cert. denied*, 434 U.S. 929 (1977). But when defining willfulness, courts have differed in their interpretation of which of the two acts --copying or infringing -- requires willful intent. The minority view, endorsed by the Second and Ninth Circuits, holds that "willful" means only intent to copy, not intent to infringe.The majority view, however, looks for an intent to infringe rather than intent to copy, thus, requiring the government to demonstrate a "voluntary, intentional violation of a known legal duty." *United States v.*

*Moran*, 757 F. Supp. 1046, 1049 (D. Neb. 1991). This construction provides a rare but significant exception to the maxim that "ignorance of the law is no excuse." Indeed, under this construction, were a defendant to satisfy the finder of fact either that he was not aware of laws prohibiting copyright infringement, or that he did not believe his acts to be infringing, such might constitute a defense to the criminal charge. Such would not constitute a defense to civil infringement, however, as civil infringement remains a strict liability tort. It is, thus, crucial in criminal cases to amass evidence of intent in order to anticipate and rebut this and similar "lack of intent" defenses. NOTE: For a more detailed discussion of the applicable law and advice on collecting evidence bearing on this element, consult the Computer Crime and Intellectual Property Section's Courts are in general agreement that a willful act must be "an act intentionally done in violation of the law." *United States v. Wise*, 550 F.2d 1180, 1194 (9th Cir.), *cert. denied*, 434 U.S. 929 (1977). But when defining willfulness, courts have differed in their interpretation of which of the two acts --copying or infringing -- requires willful intent. The minority view, endorsed by the Second and Ninth Circuits, holds that "willful" means only intent to copy, not intent to infringe. The majority view, however, looks for an intent to infringe rather than intent to copy, thus, requiring the government to demonstrate a "voluntary, intentional violation of a known legal duty." *United States v. Moran*, 757 F. Supp. 1046, 1049 (D. Neb. 1991). This construction provides a rare but significant exception to the maxim that "ignorance of the law is no excuse." Indeed, under this construction, were a defendant to satisfy the finder of fact either that he was not aware of laws prohibiting copyright infringement, or that he did

not believe his acts to be infringing, such might constitute a defense to the criminal charge. Such would not constitute a defense to civil infringement, however, as civil infringement remains a strict liability tort. It is, thus, crucial in criminal cases to amass evidence of intent in order to anticipate and rebut this and similar "lack of intent" defenses. NOTE: For a more detailed discussion of the applicable law and advice on collecting evidence bearing on this element, consult the Computer Crime and Intellectual Property Section's.

## LAWS

Copyrights protect the author's ideas and control their material up to 70 years after their death, or less if the author is a corporation. The protection covers writing, music, artistic works, and digitally stored material including books, songs, poetry, art, films, graphic designs, computer software, website content, and architecture.Copyrights protect the author's ideas and controls their material up to 70 years after their death, or less if the author is a corporation. The protection covers writing, music, artistic works, and digitally stored material including books, songs, poetry, art, films, graphic designs, computer software, website content, and architecture.

## ARGUMENT

Plaintiff plead a criminal copyright infringement claim and illegal selling of her script was sold to Shonda Rhimes, employee that said she created the tv show Reasonable doubt.

Plaintiff provided the copyright number which is TXu002179978. She has writers guild of america copyright. The wga copyright is movie concept and tv show is 2044358. The other wga copyright to the same script is 2044360 title Reasons while we're here, which sounds similar to reasonable doubt.

# 1847. Criminal Copyright Infringement -- 17 U.S.C. 506(a) And 18 U.S.C. 2319

The principal criminal statute protecting copyrighted works is 17 U.S.C. § 506(a), which provides that "[a]ny person who infringes a copyright willfully and for purposes of commercial advantage or private financial gain" shall be punished as provided in 18 U.S.C. § 2319. Section 2319 provides, in pertinent part, that a 5-year felony shall apply if the offense "consists of the reproduction or distribution, during any 180-day period, of at least 10 copies or phonorecords, of 1 or more copyrighted works, with a retail value of more than $2,500." 18 U.S.C. § 2319(b)(1).

The 1992 amendments to section 2319 have made it possible to pursue felony level sanctions for violations relating to all types of copyrighted works, including computer software and other works written, stored or transmitted in a digital format, if the other elements of the statute are satisfied. Felony penalties only attach to violations of a victim's rights of *reproduction* or *distribution* in the quantity stated. A misdemeanor shall apply if the defendant does not meet the numerical and monetary thresholds, or if the defendant is involved in the infringement of the other rights bestowed upon the copyright holder, including the right to prepare derivative works, or the right to publicly perform a copyrighted work.

There are four essential elements to a charge of criminal copyright infringement. In order to sustain a conviction under section 506(a), the government must demonstrate: (1) that a valid copyright; (2) was infringed by the defendant; (3) willfully; and (4) for purposes of commercial advantage or private financial gain. Attempts to infringe are prohibited to the same extent as the completed act. Conspiracies to violate the Act can be prosecuted under 18 U.S.C. § 371. A minority of courts also require that the

government prove the absence of a first sale, and refer to this as a fifth element of a section 506(a) offense. However, the majority position is that the absence of a first sale is an affirmative defense. Thus, the government does not need to allege it in the indictment or to present initially evidence to negate the defense.

In the court of law it's not what you know, it's what you can prove! I can prove. Where is there copyright? My allegations are attached with facts and emails, the lawyers just got paid to side with the defendants because they got paid. The laws the lawyer typed up and sent me didn't even apply to my case. I am a college graduate with honors, a certified paraprofessional, and counselor. My claims are not frivolous like they mentioned in a letter they sent me. My claims are frivolous. The law says no copyright, no win.

*Ahiya Finley 1-13-24*

## Penalties for criminal copyright infringement can include:

- Up to five years in prison and up to $250,000 in fines for a first offense
- Up to 10 years in prison and up to $250,000 in fines for a second or subsequent offense
- Up to one year in prison and up to $100,000 in fines for a misdemeanor
- Up to five years in prison and up to $500,000 in fines for a first offense of circumventing access controls
- Up to 10 years in prison and up to $1,000,000 in fines for a second or subsequent offense of circumventing access controls



Laws Defendants Didn't Follow the penalty

### 1847. Criminal Copyright Infringement -- 17 U.S.C....
The principal criminal statute protecting copyrighted works is 17...
Department of Justice

### What is Crim Infringement
To prove criminal infringement cha
The Church L

Generative AI is experimental. Learn more

Boost LTE    9:30 AM

The primary criminal statute for copyright infringement is 17 U.S.C. § 506(a). To prove criminal copyright infringement, the government must show that: 

- The author had a valid copyright   *My rights*
- The defendant intentionally used, copied, or distributed the material without the author's permission
- The defendant did so for personal financial gain or business advantage

The type of charge, misdemeanor or felony, depends on the amount of money gained from the copyright reproduction:

### Felony

If the retail value of the copyrighted work is more than $2,500 and at least 10 copies were reproduced or distributed within 180 days

### Misdemeanor

If the retail value of the copyrighted work is less than $2,500 but at least $1,000, or if the defendant acted for financial gain

### Penalties for criminal copyright



Try the Copyright Public Records System (CPRS) pilot with enhanced search features and filters.

Help | Search | History | Titles | Start Over

# Public Catalog

Copyright Catalog (1978 to present) at DC4
Search Request: Keyword = akiya finley
Search Results: Displaying 5 of 4660 entries

◀ previous | next ▶

Labeled View

*Reasons why were here (The Lawyer Assassin)*



**Relevance:** ■■■■■
**Type of Work:** Dramatic Work and Music; or Choreography
**Registration Number / Date:** TXu002179978 / 2020-01-10
**Application Title:** Reasons why were here (The Lawyer Assassin)
**Title:** Reasons why were here (The Lawyer Assassin)
**Description:** Electronic file (eService)
**Copyright Claimant:** akiya finley, 1992- . Address: 1716 w juneway apt 1, chicago, IL, 60626, United States.
**Date of Creation:** 2013
**Authorship on Application:** akiya finley, 1992- ; Domicile: United States; Citizenship: United States. Authorship: text.
**Rights and Permissions:** akiya finley, (773) 986-7601, akiya.finley1@aol.com
**Names:** finley, akiya, 1992-

*[handwritten annotation: "The lawyer hitusman book"]*

◀ previous | next ▶





Help  Search  History  Titles  Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page

Case: 1:24-cv-03083 Document #: 35 Filed: 01/13/25 Page 11 of 12 PageID #:184



Delivering to Chicago 60617 | Kindle Store ▼ | Search Amazon | EN ▼ | Hello, sign in Account & Lists ▼ | Returns & Orders | 0
Update location

All  Medical Care ▼  Best Sellers  Prime ▼  Amazon Basics  Music  New Releases  Today's Deals  Groceries ▼  Customer Service  Amazon Home

books | Categories | New & Trending | Deals & Rewards | Best Sellers & More | Memberships | More | Your Books

Kindle Store › Kindle eBooks › Literature & Fiction



Roll over image to zoom in

[ Read sample ]

**The lawyer Hitwoman the series** Kindle Edition

by Keke Kellum (Author)   Format: Kindle Edition

See all formats and editions

A black female lawyer that's a Hitwoman going against crooked politicians/bad guys along with help from her twin sister who's a police officer, and ex drug cartel lover from Colombia.

| Print length | Language | Publication date |
|---|---|---|
| 109 pages | English | March 11, 2021 |

Report an issue with this product or seller

**Follow the author**

 Keke Kellum   [ Follow ]

| Kindle $9.99 Available instantly |
|---|

Kindle Price: $9.99
Sold by: Amazon.com Services LLC

[ Buy now with 1-Click ]

By placing your order, you're purchasing a license to the content and you agree to the Kindle Store Terms of Use.

Read with our free app
Deliver to your Kindle Library

**Buy for others**
Give as a gift or purchase for a team or group.
Learn more

[ Buy for others ]

[ Send a free sample ]
Deliver to your Kindle Library

[ Add to List ]


READ ON ANY DEVICE
›Get free Kindle app

## Product details

**ASIN** : B08YS3723P
**Publication date** : March 11, 2021
**Language** : English
**File size** : 729 KB
**Simultaneous device usage** : Unlimited
**Text-to-Speech** : Enabled
**Screen Reader** : Supported
**Enhanced typesetting** : Enabled
**X-Ray** : Not Enabled
**Word Wise** : Enabled
**Print length** : 109 pages
**Best Sellers Rank:** #4,295,382 in Kindle Store (See Top 100 in Kindle Store)
    #3,546 in Hispanic American Literature
    #3,669 in Black & African American Mystery, Thriller & Suspense Fiction
    #6,939 in Black & African American Mystery, Thriller and Suspense

## Videos

Help others learn more about this product by uploading a video!

[ Upload your video ]

Writers Guild of America, West, Inc.
7000 West Third Street
Los Angeles, California, 90048-4329
Telephone: 323-782-4500
Fax: 323-782-4803

# Documentation of Registration

The Writers Guild of America, West, Inc. issues this certificate to:

AKIYA FINLEY

for the material entitled:

The lawyer hitwoman

by the following:

AKIYA FINLEY

Registration #: **2078867**
Material Type: **PILOT**
Registered By: **AKIYA FINLEY**

Effective Date: **9/15/2020**
Expiration Date: **9/15/2025**