**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AKIYA FINLEY, | ) Case No.: 1:24-cv-03083 |
| Plaintiffs, | ) |
| v. | ) Judge Andrea R. Wood |
| HULU, SHONDA RHIMES, RAAMLA, MOHAMED, KERRY WASHINGTON and GREG ZEKOWSKI, | ) |
| Defendants. | ) |

**DEFENDANTS HULU, LLC, RAAMLA MOHAMED, AND GREG ZEKOWSKI'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
<u>PLAINTIFF'S COMPLAINT</u>**

DENTONS US LLP
Natalie J. Spears (#6230320)
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Tel.: (312) 876-8000
natalie.spears@dentons.com

Sara Gates (#5591805)
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 398-5232
sara.gates@dentons.com

*Attorneys for Defendants Hulu, LLC, Raamla Mohamed, and Greg Zekowski*

Defendants Hulu, Mohamed, and Zekowski submit this reply in further support of their motion to dismiss *pro se* Plaintiff's Complaint in its entirety with prejudice (the "Motion").[1]

Plaintiff's additional statement of claim ("Additional Statement," ECF No. 34) and response to the Motion ("Response," ECF No. 35) do not save her claims from dismissal. In the Additional Statement, Plaintiff proffers the same type of vague, boilerplate allegations that do not give rise to a plausible claim for a relief. *See* Mov. Br. at 3. In the Response, Plaintiff mainly recites long excerpts of general legal principles and *criminal* law. Even considering Plaintiff's new allegation of a copyright registration number (cited in her Response), Plaintiff has still failed to state any of the required essential elements of a copyright infringement claim or trademark infringement claim. The Additional Statement and Response, effectively amending her Complaint, only further serve to confirm that Plaintiff has no plausible claim. Given the nature of the allegations, and Plaintiff's history of dismissed copyright litigation in this District and in the U.S. Copyright Office as discussed herein, this action should be dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFF FAILS TO PLEAD A COPYRIGHT INFRINGEMENT CLAIM

Plaintiff's Complaint comes nowhere close to stating a plausible copyright infringement claim. Plaintiff's Additional Statement and Response do not change this result.

Plaintiff's Additional Statement does not add anything of substance to her deficient Complaint. Plaintiff recites portions of the Copyright Act, claims that Defendants' conduct is "criminal," claims that Defendants do not have a copyright or trademark so "no win," states that she wants her name to appear "on the tv screen," and demands $25 million in damages. *See* Additional Statement. But none of these bare and conclusory allegations cure, let alone address,

---

[1] Unless otherwise indicated, capitalized terms have the meaning noted in Defendants' memorandum in support of their motion to dismiss. ECF No. 32 ("Moving Brief" or "Mov. Br.").

1

Plaintiff's fatal pleading deficiencies set out in the Motion.  *See* Mov. Br. at 3–6.

Plaintiff's Response likewise fails to respond to most of Moving Defendants' arguments for dismissal.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (stating that failure to respond to an argument results in waiver); *Cohee v. Hoos*, No. 23-CV-01288-JES, 2023 WL 6560483, at *5 (C.D. Ill. Oct. 6, 2023) ("[W]here a *pro se* plaintiff fails to respond to a plausible argument raised by a defendant in a motion to dismiss, federal district courts in the Seventh Circuit routinely grant dismissal." (citing cases)).  Instead, Plaintiff relies heavily upon reproduced text regarding general principles of copyright law and citations to the criminal copyright statute and criminal case law (*see* Response at 2–9), which is not relevant in this civil proceeding.  *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39 (S.D.N.Y. 1992) ("[T]here is no private cause of action under the criminal provisions of the copyright law."), *aff'd sub nom. Kelly v. L.L. Cool J*, 23 F.3d 398 (2d Cir. 1994).

Further, although Plaintiff now provides a copyright registration number in her Response, she still fails to attach a copy of the copyright registration to confirm the validity of this prerequisite—and did not include either the number or the registration in her Complaint.[2]  But moreover, even if the Court considers the copyright registration number now, Plaintiff has still failed to plausibly allege any of the necessary elements of a copyright claim, including how Defendants allegedly copied constituent elements of her work that are original.  *See* Mov. Br. at 4–5.  This is fatal to her claim.

Plaintiff's speculation that Defendants must have engaged in copyright infringement or "criminal" or "unconstitutional" conduct are precisely the sort of "naked assertions[s] devoid of

---

[2] A "complaint may not be amended by the briefs in opposition to a motion to dismiss…." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (citation omitted).

further factual enhancement" that do not withstand a Rule 12(b)(6) challenge. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see Hart v. Amazon.com, Inc.*, No. 15-C-01217, 2015 WL 8489973, at *4–5 (N.D. Ill. Dec. 8, 2015) (granting Amazon's motion for judgment on the pleadings and dismissing *pro se* copyright infringement claims based on sparse and speculative allegations).

Moreover, a search of U.S. Copyright Office records for the proffered copyright registration number shows that Plaintiff previously filed two claims with the Copyright Claims Board over the very same subject matter of her Complaint herein. *See* Docket No. 23-CCB-0087 (Copyright Claims Bd.), https://dockets.ccb.gov/case/detail/23-CCB-0087; Docket No. 23-CCB-0144 (Copyright Claims Bd.), https://dockets.ccb.gov/case/detail/23-CCB-0144. In both instances, the claims were rejected.

The Copyright Claims Board determined that the first claim was deficient for, *inter alia*, failure to allege "facts that clearly identify or explain the similarities between [Plaintiff's] work and the allegedly infringing work," resulting in dismissal of the claim after Plaintiff failed to amend. *See* Order to Amend Noncompliant Claim, No. 23-CCB-0087, (Copyright Claims Bd. Mar. 24, 2023), https://dockets.ccb.gov/document/download/2558; Order Dismissing Claim Without Prejudice, No. 23-CCB-0087 (Copyright Claims Bd. May 2, 2023), https://dockets.ccb.gov/document/download/2985.[3] For the second claim, the Copyright Claims Board similarly determined that Plaintiff failed to plead the requisite elements of a copyright infringement claim, including any factual allegations to state a viable claim. *See* Order to Amend Noncompliant Claim, No. 23-CCB-0144 (Copyright Claims Bd. May, 31, 2023),

---

[3] The Court may take notice of the Copyright Claims Board's decisions. *See Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) ("This court, however, has the power, in fact the obligation, to take judicial notice of the relevant decisions of courts and administrative agencies….").

https://dockets.ccb.gov/document/download/3397. The Copyright Claims Board later dismissed the second claim as well. *See* Order Dismissing Claim Without Prejudice, No. 23-CCB-0144 (Copyright Claims Bd. July 6, 2024), https://dockets.ccb.gov/document/download/3853.

Plaintiff has no plausible copyright infringement claim here either, as her Additional Statement and Response confirm. Accordingly, the Court should dismiss her copyright claim.

## II. PLAINTIFF FAILED TO PLEAD A TRADEMARK CLAIM

Plaintiff did not respond to Moving Defendants' request for dismissal of the unspecified "violation of trademark" claim. The Court should treat Plaintiff's failure to respond as a complete waiver of any arguments against this claim. *See Bonte*, 624 F.3d at 466; *Cohee*, 2023 WL 6560483, at *5. Because of this waiver, and Plaintiff's failure to allege any elements of a trademark claim, other than mentioning "trademark," the Court should dismiss this claim. *See* Mov. Br. at 5–6.

## III. THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AND ADDITIONAL STATEMENT WITH PREJUDICE

This action presents a prime example of a case that should be dismissed *with prejudice*. Plaintiff has filed not one, but four prior baseless copyright claims—including two over the same subject matter at issue.[4] *See supra* Section I; Mov. Br. at 6–7. In each instance, Plaintiff's pleadings were deficient and dismissed. *See supra* Section I; Mov. Br. at 6–7. Though Plaintiff did not request leave to amend her Complaint in this action, she instead filed the Additional Statement. Considering both her Additional Statement and her Response to the Motion, taken together, none of Plaintiff's pleadings state a claim for copyright infringement. Any further amendment would be futile. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (stating that a court should not grant leave to amend after dismissal of the first complaint if "it is certain

---

[4] Although the claims before the Copyright Claims Board do not have a preclusive effect, as they did not reach final determination, 17 U.S.C. § 1507(a), they are relevant to the Court's consideration as to the history of the claims and repleading here.

4

from the face of the complaint that any amendment would be futile or otherwise unwarranted"). Accordingly, the Court should dismiss this case with prejudice. *See Cohee*, 2023 WL 6560483, at \*6 (dismissing *pro se* complaint with prejudice where the plaintiff's litigation history was "replete with examples of frivolous, unreasonable" filings).

## CONCLUSION

Accordingly, for the reasons stated above and in the Moving Brief, the Moving Defendants respectfully request that the Court grant their Motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

Dated: January 21, 2025

DENTONS US LLP

By: /s/ Natalie J. Spears
Natalie J. Spears (#6230320)
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Tel.: (312) 876-8000
natalie.spears@dentons.com

Sara Gates (#5591805)
1221 Avenue of the Americas
New York, NY 10020
Tel.: (212) 398-5232
sara.gates@dentons.com

*Attorneys for Defendants Hulu, LLC, Raamla Mohamed, and Greg Zekowski*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served by United States First Class Mail on all counsel or parties of record on the service list below:

**SERVICE LIST:**

Plaintiff Akiya Finley
840 W. Sunnyside Ave. Apt. 19d
Chicago, IL 60640

                /s/ Natalie J. Spears