**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AKIYA FINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-03083 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| HULU, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motion to dismiss the Amended Complaint [66] is granted. The Amended Complaint is dismissed with prejudice. The Clerk is directed to enter Judgment in favor of Defendants. Telephonic status hearing set for 9/23/2026 is stricken. Civil case terminated. See the accompanying Statement for details.

## STATEMENT

Plaintiff Akiya Finley alleges that she wrote a script that inspired the television show Reasonable Doubt. Yet, according to Finley, she was never credited or compensated for her contribution to the show. For that reason, Finley brought the present action asserting a claim of copyright infringement, in violation of 17 U.S.C. § 106, against Defendants Hulu, LLC, Shonda Rhimes, Raamla Mohamed, Kerry Washington, and Greg Zeowski. The Court previously dismissed Finley's original complaint but also granted her leave to amend to allow her another opportunity to state a viable claim. Finley subsequently filed her Amended Complaint. Now, Defendants once again move to dismiss Finley's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 66.)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Where, as here, the plaintiff is proceeding *pro se*, the Court construes the complaint more liberally than one prepared by a lawyer. *Donald v. Cook Cnty. Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996).

To state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are

original." *Hobbs v. John*, 722 F.3d 1089, 1094 (7th Cir. 2013). In dismissing the original complaint, the Court found that Finley had failed to plead adequately that Defendants copied the constituent elements of her copyrighted script. Specifically, the Court determined that Finley had not pleaded sufficient factual allegations plausibly suggesting that her copyrighted script and Defendants' television show were substantially similar to each other. *Meynart-Hanzel v. Turner Brod. Sys.*, No. 17 C 6308, 2018 WL 4467147, at *5 (N.D. Ill. Sept. 18, 2018) ("In a copyright infringement case, a court may dismiss pursuant to 12(b)(6) when a plaintiff's complaint fails to establish substantial similarities between the works in question.").

Having reviewed Finley's Amended Complaint, the Court finds that the Amended Complaint remains devoid of factual allegations as to how Defendants' show copies Finley's script. While the Amended Complaint alleges that many characters in Reasonable Doubt are the same as those in Finley's copyrighted work, it provides little elaboration as to the nature of the overlap. Without such allegations, the Court is unable to discern whether the substantial similarity relates to the unique, protectable elements of the characters or instead concern the more commonplace features that are not entitled to protection. *See Gaiman v. McFarlane*, 360 F.3d 644, 659 (7th Cir. 2004) (explaining that "stock characters" such as "a drunken suburban housewife, a gesticulating Frenchman, a fire-breathing dragon, [or] a talking cat" are not copyrightable). The most specific detail that the Amended Complaint provides is its claim that "[t]he lawyer sleeping with a [*sic*] inmate are identical to characters in my script." Even construed generously, that allegation reflects a "general idea[], but only the particular expression of an idea" receives protection under copyright law. *Hobbs*, 722 F.3d at 1094. Put another way, the high-level storyline concept of an intimate relationship between an inmate and a lawyer is not protectable though the author's particular expression of that story may be. *See, e.g.*, *Hajim v. Endemol Shine UK*, 545 F. Supp. 3d 643, 650 (N.D. Ill. 2021) ("To the extent that both works use certain tropes—pop stars being medicated and replaced, police chases, burly bodyguards, similar scenes regarding the stadium and stage lighting—these ideas are so general as to prevent protection.").

Because Finley again fails to supply sufficient factual allegations demonstrating that Defendants' show is substantially similar to her copyrighted work, the Court dismisses the Amended Complaint. And given the Amended Complaint's failure to meaningfully address the deficiencies that led to the dismissal of the original complaint, the Court believes that granting Finley leave to amend would be futile. Consequently, the Court dismisses the Amended Complaint with prejudice.

Dated: September 21, 2026

Andrea R. Wood
United States District Judge